548

UNITED STATES

v.

Bobby E. PRATT, Jr., 362 76 4813,
Private First Class (E-2), U. S.
Marine Corps.

NCM 79 0754.

U. S. Navy Court of Military Review.

Sentence Adjudged 22 Nov. 1978.

Decided 22 Feb. 1980.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GREGORY, Judge:

Contrary to pleas of not guilty entered in his behalf, appellant stands convicted of willful disobedience of the order of a superior commissioned officer, failure to obey other lawful orders (three specifications), communication of a threat to injure a Marine Corps master gunnery sergeant "by punching him out", being disrespectful in language to a Navy master chief petty officer, and assault and battery by striking a member of the Pensacola Correctional Center staff in the face with his fist, in violation of Articles 90, 92, 134, 91, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 934, 891, 928, respectively. He was sentenced by the military judge to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $275.00 per month for 3 months. This sentence was approved on review below.

Appellant now alleges that he was denied effective assistance of counsel during the post-trial period. We are unable to find any possible prejudice to appellant.

At trial, appellant initially stated that he desired to enter a plea of guilty to all charges and specifications. During the judge's inquiry into the providence of these pleas, however, appellant did not respond in a manner to establish his guilt. Appellant indicated a lack of memory in some instances, a lack of duty to obey certain of the orders, provocation for his offenses, and a lack of discussion of the prosecution evidence with his counsel. (R. 11–17). The

military judge entered pleas of not guilty for the appellant, and the Government presented the necessary evidence to establish guilt. For the most part, appellant restricted the efforts of his trial defense counsel to cross-examine the prosecution witnesses, to present evidence, and to argue in his behalf. (R. 20, 23, 25, 28, 30, 44, 45, 46, 47). After findings of guilty were returned, appellant confirmed that he understood his right to present matters in extenuation and mitigation and that he desired to present no such matters. (R. 48). Trial defense counsel did present an argument on sentence, emphasizing appellant's age (19), the absence of prior military convictions, and appellant's obvious lack of maturity. (R. 49).

Two days after trial, trial defense counsel forwarded the following affidavit to the convening authority:

| | |
|---|---|
| UNITED STATES | ) Company K, Marine |
| | ) Support Battalion |
| | ) Naval Technical Training |
| v. | ) Center, Corry Station |
| | ) Pensacola, Florida |
| PRATT, Bobby E., Jr. | ) |
| PFC, USMC, 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 | ) |
| | ) SPECIAL COURT-MARTIAL |

### AFFIDAVIT

I, _ _ _, was assigned as detailed defense counsel for Private First Class Bobby E. PRATT in October 1976. I represented him in his magistrate's hearing and subsequently counseled him concerning his rights as follows. I discussed with him the attorney-client relationship, and his rights to counsel, that is, his right to a civilian counsel at his own expense and appointed defense counsel or his right to individual military counsel if reasonably available and appointed defense counsel. I also informed him that he had a right to be tried before a military judge alone or the right to be tried by three commissioned officers, one-third of which could be enlisted personnel of his request. I also informed him that if he did have members, two-thirds of the members voting by secret written ballot would have to vote for conviction on each specification, and if he would be found guilty two-thirds of the members voting by secret written ballot would then adjudge the proper sentence, which in this case could not exceed a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for six months and reduction to E-1. I also informed him of his right to challenge the judge for cause or any court member for cause or preemtorily (sic). I informed him of the meaning and effect of the plea of guilty and the right to introduce the evidence in extenuation and mitigation upon any finding of guilty. I explained his right to withdraw a plea of guilty any time prior to sentencing and the right to negotiate a pretrial agreement in return for a plea of guilty. I explained to him his right to plead not guilty and require the government to prove its case. I informed him of the right to confront all witnesses, to cross-examine all witnesses and to view all evidence against the accused. I informed him of the right to call witnesses and present evidence in his behalf. I informed him of his right in extenuation and mitigation in presentencing to make a statement either sworn or unsworn or to remain silent. I informed him of right to submit a request for an other than honorable discharge in lieu of court-martial. I explained to him the elements of the offenses with which he has been charged and the maximum punishment that he would face upon a conviction of any of the offenses charged.

In all pretrial consultations with the defendant he refused to participate in the preparation of his defense, and in fact, instructed me to do no preparation in his case. He informed me he wished to plead guilty, that he was guilty and that he just wanted to be discharged from the Marine Corps as fast as possible. I attempted to counsel the accused at length as to why he should participate in his defenses, seek to avoid a bad conduct discharge and to return to his unit and serve out the rest of his enlistment honorably. However, the accused rejected my advice, rejected my help and persisted to refuse to discuss the details of his offenses.

I sought a Marine captain to act as individual military counsel in his behalf and urged PFC Pratt to allow me to request a Marine lawyer to assist in his defense. Once again PFC Pratt rejected my advice and refused to permit me to request Marine individual military counsel. In fact, in all pre-trial consultations with the defense he informed me that he did not want or need a lawyer and expected to appear pro se at his trial.

The accused from the beginning has said nothing more about his case than that he desires a discharge from the Marine Corps as soon as possible and that he doesn't want any help in his court-martial.

All the assistance that the accused ever requested from me was to insure him that he would receive a bad conduct discharge at his special court-martial.

I feel that the accused has rejected and prevented me from giving him the benefit of my legal assistance and that he has chosen to refuse to recognize the reality of what is happening to him and the consequences of his failure to cooperate.

/s/————————————

Appellant argues that this affidavit which concedes his guilt and the desire for a bad-conduct discharge deprived him of the effective assistance of counsel during the post-trial review period. He cites our prior decision in *United States v. Russell*, No. 76 1703 (NCMR 22 November 1976), as support for his contention. We can see significant differences, however, between the instant case and *Russell* in which the post-trial admissions of trial defense counsel conflicted completely with the post-trial protestations of Seaman Apprentice Russell concerning her innocence and her desire to complete her enlistment honorably. In the case *sub judice*, the affidavit of trial defense counsel reveals nothing that appellant has not already made explicitly clear by his own comments and actions at trial or that conflicts with anything appellant has said or done after trial.

▮ Appellant also relies heavily on the provisions of Canon 4 of the American Bar Association Code of Professional Responsibility concerning the duty of a lawyer to preserve the confidences and secrets of his client. We are inclined to agree that trial defense counsel probably violated these standards by his affidavit. The affidavit was submitted only 2 days after trial, and as far as we can determine was unsolicited. There had been no accusation of improper conduct against trial defense counsel by his client, and probably no reason to anticipate such an accusation since appellant had apparently secured the outcome he desired. Appellate Government counsel argues that trial defense counsel was merely anticipating his future relationship with appellate defense counsel and cites Disciplinary Rule 4–101(c)(4) of the Code of Professional Responsibility which authorizes a lawyer to reveal "confidences or secrets necessary—to defend himself or his employees or associates against an accusation of wrongful conduct." If this is true, we believe trial defense counsel was premature in submitting an explanation for his actions. He should have waited until an accusation of improper conduct has been made.

▮ In view of the foregoing, we conclude that the affidavit of trial defense counsel did operate to deny appellant effective post-trial assistance of counsel. The question now becomes whether appellant has been prejudiced by this error. The right to effective assistance of counsel is of Constitutional dimensions. *See* U.S.Const., amend. VI. For this reason, we must be convinced beyond a reasonable doubt that appellant has not been harmed by the error. *United States v. Ward*, 1 M.J. 176 (C.M.A. 1975). In this case, we are so convinced.

Trial defense counsel was obviously confronted with defense of an extremely recalcitrant client. At trial, appellant refused to cooperate with his counsel and to participate in his defense. He continued this posture after trial by refusing to acknowledge understanding of his appellate rights or his desires with respect to appointment of appellate counsel. It is abundantly clear that appellant does not wish to contest his guilt and desires his separation from the Marine

Corps as soon as possible. The articulation of these goals in the post-trial affidavit of trial defense counsel adds nothing to that already demonstrated by appellant. We can find no possible prejudice to appellant through the post-trial affidavit of his counsel. We are convinced beyond a reasonable doubt that appellant is guilty of the alleged offenses and that the sentence to a bad-conduct discharge is in accord with his desires.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.